# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**KENNETH SHRADER,**
**Claimant Below, Petitioner**

**FILED**
**September 26, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 23-ICA-216**        (JCN: 2020015951)

**CITY OF MULLENS,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Kenneth Shrader appeals the May 1, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent City of Mullens filed a response.[1] Petitioner did not file a reply. The issue on appeal is whether the Board erred in reversing the claim administrator's order and granting Mr. Shrader a 4% permanent partial disability ("PPD") award.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 5, 2020, Mr. Shrader, the Chief of Police for the City of Mullens, fell on an icy walkway and injured his right shoulder. By order dated January 10, 2020, the claim administrator held the claim compensable for fracture of the right humerus and upper arm. A subsequent MRI, performed on January 18, 2020, revealed a distal supraspinatus and distal infraspinatus tear with retraction.

On February 26, 2020, the claim administrator authorized a right rotator cuff repair, right shoulder arthroscopy/surgery, and right arthroscopic bicep tenodesis procedure. Per an operative report dated June 11, 2020, Stanley Tao, M.D., performed a right shoulder arthroscopy with arthroscopic rotator cuff repair and a right shoulder arthroscopic acromioplasty and bursectomy. Relevant to Mr. Shrader's argument on appeal, Dr. Tao noted the following: "the distal aspect of the clavicle was noted to have an inferior lip.

---

[1] Mr. Shrader is represented by Reginald D. Henry, Esq., and Lori J. Withrow, Esq. City of Mullens is represented by Jeffrey M. Carder, Esq.

Therefore, a co-planing was performed of the distal clavicle with the burr from the anterior portal. Finally, all bony debris was removed with the shaver."

Joseph E. Grady II, M.D., performed an independent medical evaluation ("IME") of Mr. Shrader on January 11, 2021. Mr. Shrader reported some discomfort in his right shoulder and stated that he had to use a different holster for his firearm at work as the one he previously utilized required him to raise his arm higher to withdraw his gun, which was more difficult post-injury. Mr. Shrader also reported difficulty with activities such as using a bow, swimming, rowing a boat, throwing a baseball, and boxing, and he reported difficulty sleeping due to discomfort. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) ("the *Guides*"), Dr. Grady assessed a 3% whole person impairment ("WPI") based on range of motion restrictions. On April 20, 2021, the claim administrator granted Mr. Shrader a 3% PPD award based on Dr. Grady's report. Mr. Shrader protested the order to the Board.

Michael Kominsky, D.C., performed an IME of Mr. Shrader on March 11, 2022. Using the *Guides*, Dr. Kominsky assessed an 11% upper extremity impairment due to range of motion abnormalities and a 10% upper extremity impairment due to Mr. Shrader having undergone an acromioplasty of the distal clavicle, which, according to Dr. Kominsky, qualified Mr. Shrader for a rating under Table 27 on page 3/61 of the *Guides*. Dr. Kominsky combined these ratings to total a 27% upper extremity impairment, which converted to a 12% WPI—his final recommendation.

On May 20, 2022, Robert B. Walker, M.D., performed an IME of Mr. Shrader. Using the *Guides*, Dr. Walker assessed a 12% WPI due to range of motion restrictions in the right shoulder. Mr. Shrader underwent a final IME, performed by Prasadarao Mukkamala, M.D., on November 2, 2022. Using the *Guides*, Dr. Mukkamala assessed a 4% WPI for range of motion deficits. Dr. Mukkamala subsequently authored a supplemental report, dated January 5, 2023, in which he addressed the reports of Drs. Kominsky and Walker. Dr. Mukkamala stated that Dr. Kominsky's range of motion measurements were not consistent with Dr. Tao's statement that Mr. Shrader had recovered full range of motion in his right shoulder. Dr. Mukkamala also stated that Dr. Kominsky erroneously rated impairment for a distal clavicle resection when that procedure was not performed. Dr. Mukkamala likewise discredited Dr. Walker's report, stating that his range of motion measurements were even more restrictive than the measurements found by Dr. Kominsky. Further, Dr. Mukkamala opined that, though Dr. Walker reported that Mr. Shrader had difficulty with activities of daily living, Mr. Shrader was working full duty with no restrictions.

By order dated May 1, 2023, the Board reversed the claim administrator's order, which granted Mr. Shrader a 3% PPD award in accordance with Dr. Grady's report and, instead, granted him a 4% PPD award in accordance with Dr. Mukkamala's report. The Board found that the reports of Drs. Kominsky and Walker were not persuasive. Regarding

2

Dr. Kominsky's report, the Board found that he improperly included an impairment rating for a distal clavicle resection, which was not included by any of the other evaluating physicians and which, according to Dr. Mukkamala, was not performed. The Board disregarded Dr. Walker's report by finding that his range of motion findings were not corroborated by any other physician, including Dr. Tao, who reported that Mr. Shrader had recovered full range of motion in his shoulder and was released to return to work with no restrictions. The Board concluded that Dr. Mukkamala's report was reliable and consistent with Dr. Tao's findings and, as such, awarded Mr. Shrader a 4% PPD award in accordance with Dr. Mukkamala's report. Mr. Shrader now appeals.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Shrader argues that the Board erred in granting him a 4% PPD award in accordance with Dr. Mukkamala's report when the evidence demonstrates that he sustained higher impairment from his compensable injury. According to Mr. Shrader, Dr. Mukkamala erroneously stated that Dr. Kominsky's and Dr. Walker's range of motion measurements were too restrictive based on Dr. Tao's December 2020 clinical notes which indicated that Mr. Shrader had full range of motion in his shoulder. Mr. Shrader argues that subsequent records from Dr. Tao show that he had reduced range of motion, which Dr. Mukkamala failed to address. Mr. Shrader further argues that Dr. Mukkamala discredited Dr. Kominsky by stating that his range of motion measurements were not corroborated by any other physician, which is contrary to the record as Dr. Walker's measurements were in line with those of Dr. Kominsky. Mr. Shrader avers that the evidence demonstrates that he

had greater range of motion deficits than found by Dr. Mukkamala and that it was error for the Board to find that his report was most persuasive.

Mr. Shrader also argues that the Board erred in relying on Dr. Mukkamala's opinion that a distal clavicle acromioplasty was not performed to discount Dr. Kominsky's impairment rating. Mr. Shrader contends that the operative report demonstrates that an acromioplasty occurred, making Dr. Kominsky's assessment more accurate.

Lastly, Mr. Shrader argues that the Board did not find that any of the evaluators failed to properly use the *Guides* or that any of the reports were flawed. As such, he contends that the Board should have adopted the report most consistent with his position pursuant to West Virginia Code § 23-4-1g (2003).[2]

Upon review, we find that Mr. Shrader failed to demonstrate that the Board's findings and conclusions were clearly wrong. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this high standard of review in mind, we are unable to conclude that the Board erred in awarding Mr. Shrader a PPD award in accordance with Dr. Mukkamala's recommendation.

First, we find no error in the Board's decision to disregard Dr. Kominsky's report on the basis that he improperly provided an impairment rating for a distal clavicle resection. The operative report lists two procedures performed on Mr. Shrader: a right shoulder arthroscopy with arthroscopic rotator cuff repair and a right shoulder arthroscopic acromioplasty and bursectomy. There is no mention in the report that a distal clavicle resection occurred. While Mr. Shrader argues that an acromioplasty and a distal clavicle resection are similar procedures, he fails to submit any medical evidence demonstrating that to be the case. Moreover, Table 27 of the *Guides* relied upon by Dr. Kominsky clearly indicates that the impairment rating is for a resection arthroplasty of the distal clavicle. Given that the operative report does not mention any sort of resection of the distal clavicle, we are unable to conclude that the Board clearly erred in finding that Dr. Kominsky's report was unpersuasive for including an impairment rating for this procedure.

Second, we find no error in the Board's determination that the range of motion measurements set forth by Drs. Kominsky and Walker were not supported by the record. Dr. Tao's December of 2020 clinical notes indicate that Mr. Shrader's range of motion was

_____

[2] Pursuant to West Virginia Code § 23-4-1g(a), in part, "[i]f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted."

normal and that he was being released to work without restrictions. While Mr. Shrader argues that Dr. Tao's later records indicate diminished range of motion measurements, he failed to submit these records before the Board. Accordingly, we will not consider them on appeal. Because Dr. Mukkamala's range of motion measurements were consistent with Dr. Tao's reports, we cannot find that the Board was clearly wrong in relying on his report over those of Drs. Kominsky and Walker.

Lastly, contrary to Mr. Shrader's argument, he is not entitled to the matter being resolved in his favor pursuant to West Virginia Code § 23-4-1g, as the Board did not find that the reports of Dr. Kominsky, Dr. Walker, and Dr. Mukkamala were of equal evidentiary weight. Given the Board's findings, we cannot find that it erred in granting Mr. Shrader a 4% PPD award in accordance with Dr. Mukkamala's recommendation.

Accordingly, we affirm the Board's May 1, 2023, order.

Affirmed.

**ISSUED:** September 26, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen